**COUNTY OF SUFFOLK, a municipal corporation, Robert Alcorn, Christopher S. George, Fred Harrison, Peter Maniscalco, William P. Quinn, and Custom Extruders, Inc., Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY, Stone & Webster Engineering Company, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.**

**No. 87–CV–646 (JBW).**

United States District Court, E.D. New York.

April 14, 1989.

FINAL JUDGMENT

WEINSTEIN, District Judge.

It is finally ORDERED ADJUDGED and DECREED:

1) Suffolk's County's claims are dismissed on the merits and with prejudice as provided in this court's Memorandum and Order of February 11, 1989, as amended April 14, 1989. Suffolk County's pendent state claims are dismissed without prejudice.

2) The settlement agreement dated February 27, 1989, is approved as interpreted by this court's Memorandum and Order of March 22, 1989, as amended April 14, 1989.

3) Attorneys fees and expenses and other disposition of the $10,000,000 fund for legal expenses, are approved as provided in the Memoranda and Orders of March 22 and March 23, 1989, as amended April 14, 1989.

4) A motion for judgment notwithstanding the verdict is granted and motions for a new trial and a conditional new trial are denied, as provided by this court's Memorandum and Order of February 11, 1989, as amended April 14, 1989.

5) Motions for certification of the following class pursuant to Rule 23(b)(1)(B):

All persons who were ratepayers of the Long Island Lighting Company at any time during the period January 1, 1974, through the present and also those who are or will be ratepayers of the Long Island Lighting Company

and for appointment of Judith P. Vladeck, Esq., as representative of the class, as provided by this court's Memoranda and Orders of February 13 and February 15, 1989, as amended April 14, 1989, are confirmed.

6) A Memorandum and Order permitting intervention dated February 13, 1989, as amended April 14, 1989, is confirmed. The United States is not a member of the class, except for purposes of sharing in the settlement.

7) Orders adding plaintiffs and permitting substitution of counsel and deciding various procedural issues are confirmed.

8) No costs or disbursements are granted to any party.

9) The court retains equitable jurisdiction to supervise the operation of this decree.

10) This judgment is stayed pending disposition of appeals.